IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAXINE E. JENKINS,

      Plaintiff,                    07cv0156

                                  **ELECTRONICALLY FILED**

    v.

TEXAS INTERNATIONAL LIFE
INSURANCE,

      Defendant.

## MEMORANDUM ORDER REMANDING CASE
## TO STATE COURT FOR SECOND TIME

This is a breach of contract/bad faith action and the sole basis for jurisdiction is diversity of citizenship. This case was originally filed at 06cv0632 on May 12, 2006. On November 20, 2006, plaintiff moved to dismiss that earlier case for lack of subject matter jurisdiction (doc. no. 15). In paragraph 5 of said Motion to Dismiss, plaintiff stated as follows:

> Based upon these disclosures and further investigation, plaintiff submits that this Court lacks subject matter jurisdiction because the amount in controversy falls below the threshold of $75,000. That is, the amount of retroactive disability benefits even including potential attorney fees under the Pennsylvania bad faith insurance statute do not exceed the jurisdictional amount.

Additionally, counsel for plaintiff filed a Declaration (doc. no. 18 at 06cv0632) which stated as follows:

1. I, Gregory G. Paul, as counsel for plaintiff in this matter, declare to the best of my knowledge and information that the amount in controversy in this matter is not presently nor can be reasonably expected to meet or exceed the jurisdictional amount of $75,000.

2. I further declare to the best of my knowledge that there is not an independent basis for federal jurisdiction.

Dockets.Justia.com

  3.  Based upon the foregoing, I request that this case be dismissed without prejudice and transferred to the Allegheny County Court of Common Pleas as set forth in plaintiff's motion previously filed with the Court.

Thus, the Declaration clearly limited the recovery in the case to less than $75,000.

Based upon these affirmative representations on behalf of plaintiff, on November 30, 2006, this Court by Memorandum Order granted plaintiff's motion to dismiss without prejudice for plaintiff to follow the appropriate procedure to remand this case to state court under 42 Pa. Cons. Stat. Ann. § 5103.  In doc. no. 19 (paragraph 3) at 06cv0632, the Court stated as follows:

> Based upon the declaration of plaintiff's counsel and in light of plaintiff's counsel's representation that the amount of benefits due to date is approximately $900.00, the Court is satisfied that the amount in controversy, even including attorney's fees pursuant to the Pennsylvania bad faith statue, 42 Pa. Cons. Stat. Ann. § 8371, does not exceed, nor could it reasonably be expected to exceed $75,000.00.

Following this dismissal, defendant, who was apparently not satisfied with plaintiff's representations which were filed of record before this Court in 06cv0631, requested plaintiff sign a different document drafted by counsel for defendant (which draft has not been filed with this Court).

Supposedly, plaintiff refused to sign defense counsel's "stipulation," and defendant now argues said alleged refusal has created federal jurisdiction.  Regardless of counsel for defendant's attempts to create federal jurisdiction, plaintiff's refusal to sign defendant's form of stipulation does not create federal jurisdiction.  Plaintiff, by filing said declaration before this Court, has clearly limited her relief to an amount not to exceed the $75,000 threshold.  (Incidentally, defendant can use that declaration in state court to preclude plaintiff from seeking an amount greater than $75,000.)

As stated by another District Court, in discussing the art of clever pleading in relation to removal jurisdiction, "[c]lever pleading, of course, is neither unethical nor illegal - it is, in fact, good lawyering. But good lawyering should not defeat good judging, which requires a court to call things as it sees them." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 825, (E.D. Va. 2005), cited with approval by the United States Court of Appeals for the Third Circuit in *Caldon, Inc., v. Peerless Insurance, et al.*, 2007 WL 504895 (3d Cir. February 16, 2007) (not precedential).

For these reasons, and based upon the prior representations to the Court, which were filed of record at 06cv0632, this Court will again dismiss the plaintiff's complaint without prejudice for plaintiff to follow the appropriate procedures under 42 Pa. Cons. Stat. Ann. § 5103.

**SO ORDERED** this 28th day of February, 2007.

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:   All Registered ECF Counsel and Parties